UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Mella McFall,

    Plaintiff,

v.

Charter Communications, Inc.,
d/b/a SPECTRUM

    Defendant.

_____/

**CIVIL COMPLAINT AND JURY DEMAND**

Mella McFall (hereinafter "Plaintiff") hereby sues Defendant Charter Communications, Inc., d/b/a Spectrum (hereinafter "Defendant"), and for the causes of action alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action by Plaintiff against Defendant for sex discrimination and retaliation discrimination pursuant to Title VII of the Civil Rights Act of 1964 (as amended), 42 USCA § 2000e-2 (hereinafter referred to as "Title VII").

2. Venue is appropriate in the United States District Court for the Middle District of Florida because Defendant operates in the District, Defendant had a principal address in the District, and the acts or omissions related to Plaintiff's cause of action arose in the District.

3. This Court has original jurisdiction over the matter pursuant to 28 U.S.C. §1331 as the matter in controversy is brought pursuant to Title VII.

Plaintiff filed complaints against Defendant on November 25, 2018 with the Equal Employment Opportunity Commission (Hereinafter "EEOC").

4. Plaintiff's EEOC Charges of Discrimination alleged violations of Title VII based on retaliation on the basis of sex discrimination and retaliation.

5. Plaintiff's case was dismissed by the EEOC on June 17, 2019, and received by Plaintiff on or about June 20, 2019. Plaintiff's Notices of Right to Sue are attached herein. See Exhibits attached.

6. A Plaintiff in a Title VII case cannot file a lawsuit without a Notice of Right to Sue, and a Plaintiff must file their case within ninety (90) days of receiving the Notice.

7. All conditions precedent to the filing of suit have been performed or have occurred, as Plaintiff's Complaint is being filed within that 90-day statutory period.

## PARTIES

8. Plaintiff Mella McFall (Hereinafter "Plaintiff") is a citizen of the United States and a resident of the state of Florida, in Seminole County.

9. Defendant Charter Communications, Inc.; d/b/a Spectrum (Hereinafter "Defendant") is a corporation licensed to do business in the state of Florida, and Orange County in particular.

## GENERAL FACTUAL ALLEGATIONS

10. Plaintiff was hired by Charter Communications, Inc. on November 22, 2010, as a IT Manager (IT Enterprise network and Telecomm System).

11. Throughout Plaintiff's employment with Defendant, Plaintiff was subject to discrimination and retaliation based on her sex, specifically from August 2017 through August 2019.

12. On or about September of 2018, Plaintiff mentioned the potential onset of Hurricane Florence to representatives of the Defendant in an attempt to begin preparation in the coverage areas that may be affected by the storm.

13. Plaintiff reasonably believes that Defendant's representatives targeted her based on sex and exhibited harassing conduct; including, but not limited to derogatory names directed toward Plaintiff, in an attempt to constructively terminate her employment.

14. Plaintiff was the only female in her position and constantly berated by superiors while often being compared to her male counterparts.

15. Similarly situated male employees were not treated in such a disparate and harassing manner.

16. When Plaintiff brought these concerns to human resources, engaging in protected activity, management retaliated against Plaintiff by implementing disciplinary actions against her, falsely reporting unsatisfactory performance reviews, and placing Plaintiff under undue scrutiny.

17. In response to the harassment and discrimination by Defendant, Plaintiff filed federally-protected EEOC Charges in 2018, alleging sex and retaliation discrimination.

18. Defendant made a cursory investigation into Plaintiff's allegations, and in response to the Charge, Plaintiff was treated in an even more disparate manner.

19. Plaintiff has retained the undersigned counsel, and has agreed to compensate counsel at a reasonable hourly rate.

### **COUNT I: DISCRIMINATION ON THE BASIS OF SEX UNDER TITLE VII.**

20. Plaintiff re-alleges the allegations set forth above in paragraphs 1 through 19 as if set forth herein in full.

21. Defendants violated Title VII by treating Plaintiff in a disparate manner based on her sex.

22. Plaintiff was treated differently than her male co-workers and her male co- workers were not subject to the same discrimination that Plaintiff faced.

23. Defendant did not have sufficient justification for its action absent treatment based upon sex.

24. Defendant's conduct as alleged at length constitutes discrimination in violation of Title VII.

### **COUNT II: RETALIATION ON THE BASIS OF SEX UNDER TITLE VII.**

25. Plaintiff re-alleges the allegations set forth above in paragraphs 1 through 24 as if set forth herein in full.

26. After Plaintiff's protected EEOC Charge, Defendant's treatment of Plaintiff and her condition was continued and even enhanced, in retaliation for Plaintiff's protected Complaint and Charge.

27. Employers under Title VII are prevented from taking adverse employment action against employees who engage in protected activity such as the filing of an EEOC Charge.

28. Plaintiff was singled out and harassed by her superiors after her Charge was filed, despite Plaintiff's work performance.

29. Plaintiff did not have any write-ups or disciplinary issues that would have justified such harassing conduct, absent retaliation by Defendant.

30. Defendant's conduct as alleged at length constitutes retaliation in violation of Title VII.

### PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff requests that the Court enter judgment in her favor and award her the following relief:

All wages and other economic benefits lost as a result of Defendants' wrongful acts;

Compensatory damages to fully compensate Plaintiff for her injuries caused by the Defendants' discriminatory and retaliatory conduct;

Pre- and post judgment interest; and,

Such other relief this Court deems just and proper, together with Plaintiff's costs and disbursements in this action.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

### CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2019, a copy of the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the persons listed below.

Charter Communications, Inc.
400 Atlantic Street
Stamford, CT 06901

                              Respectfully submitted,


                              ALLEN & DAWSON, PLLC.
                              189 S. Orange Avenue, Suite 1530-B
                              Orlando, Florida  32801
                              Telephone: (407) 986-2092

*/s/ Rasheed Karim Allen*
                              Rasheed Karim Allen
                              Attorney for Plaintiff
                              Florida Bar Number: 88525